William J. Becker, Jr., Esq. (California SBN: 134545)
Bill@FreedomXLaw.com
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018

Counsel for Plaintiff. *Hoori Khandani*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOORI KHANDANI,**<br><br>Plaintiff,<br><br>vs.<br><br>**ANTONY BLINKEN,** in his official capacity as Secretary of the United States Department of State, ("DoS"); **NICOLE BAYER**, in her personal capacity and official capacity as DoS Government Technical Monitor (GTM) over the Persian Online Engagement Team ("POET"); **LUCI CHENG**, in her personal capacity and official capacity as DoS Contracting Office Representative; **SHEVA TABATABAINEJAD**, in her personal capacity and official capacity as POET Lead; and **DOES 1 through 50**, inclusive,<br><br>Defendants. | Case No.: 3:24-cv-01723-GPC-BJC<br><br>**FIRST AMENDED VERIFIED CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**Demand For Jury Trial** |

Plaintiff, Hoori Khandani, by and through her undersigned counsel, brings this

Verified Complaint against the above-named Defendants, their employees, agents,

1

and successors in office, on their own behalf and as private attorneys general, and in support thereof allege the following:

## INTRODUCTION

This case seeks to vindicate fundamental rights protected under the U.S. Constitution and federal civil rights laws. Plaintiff Hoori Khandani brings this action to address violations of her First Amendment rights to free speech, free exercise of religion, and freedom from viewpoint discrimination, as well as her rights under the Religious Freedom Restoration Act (RFRA). Ms. Khandani alleges that the U.S. Department of State, through its agents, unlawfully disqualified her from employment on the basis of her religious beliefs and expressions. This complaint seeks declaratory relief and damages to remedy the unlawful religious discrimination and retaliation she suffered in violation of these essential legal protections.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the First Amendment (Free Speech, Freedom of Association, Free Exercise, and Establishment Clauses), Fourteenth Amendment (Due Process and Equal Protection Clauses), and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq. Plaintiff also brings claims under 42 U.S.C. § 1985 for conspiracy to violate civil rights.

2.     This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) to redress deprivations of Plaintiff's civil rights under color of law, including those

2

guaranteed by the U.S. Constitution and federal civil rights statutes. This Court has authority to issue the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202.

3.    Plaintiff seeks attorneys' fees and costs as authorized under 42 U.S.C. § 2000e-5(k), applicable to claims under 42 U.S.C. § 2000bb-1(c), applicable to claims under the Religious Freedom Restoration Act (RFRA).

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Plaintiff resides within it.

## PARTIES

### I.    Plaintiff

5.    Plaintiff, Hoori Khandani, is an individual, a citizen of the United States, and a resident of San Diego County, California.

### II.    Defendants

6.    Defendant Antony Blinken, is the Secretary of State under the Biden Administration responsible for managing and overseeing the United States Department of State and is therefore responsible for implementing, administering, managing, and enforcing its policies. He is sued in his official capacity only.

7.    Defendant Nicole Bayer, is sued in her personal capacity and official capacity as DoS Government Technical Monitor (GTM) over the Persian Online Engagement Team ("POET").

8.    Defendant Luci Cheng is sued in her personal capacity and official capacity as DoS Contracting Office Representative.

3

9.      Defendant Sheva Tabatabainejad, is sued in her personal capacity and official capacity as POET Lead.

10.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, and for that reason has sued them by their fictitious names. On information and belief, Plaintiff alleges that each of these fictitiously named Defendants are responsible in some manner for some or all of the acts alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of the fictitiously-named Defendants once ascertained.

11.     Plaintiff is informed and believe, and thereon alleges, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment, license, guaranty, indemnity, invitation, assignment and/or relationship and with the full knowledge, consent and approval of the remaining Defendants.

**FACTUAL BACKGROUND**

12.     Plaintiff Hoori Khandani, a native of Iran, grew up in a devout Muslim household, where she adhered strictly to Islamic traditions, such as wearing the hijab and observing daily prayers. After immigrating to the United States at the age of 19 in 2004, she began working for a Jewish Iranian family in Los Angeles, an experience that softened her previously negative perceptions of Jewish people. During this time,

4

she also interacted with Christian Iranian acquaintances who invited her to church, though she initially resisted due to her Islamic upbringing.

13.    In 2006, Khandani enlisted in the U.S. Army, an opportunity unavailable to women in her home country. She served as a Combat Linguist during Operation Iraqi Freedom and was deployed to Iraq, where she assisted a State Department diplomat working on women's rights initiatives.

14.    Her experiences during her deployment inspired her to consider a career in public service, specifically with the U.S. Foreign Service. Following an injury sustained during her service, Khandani was honorably discharged in 2010 and continued her dedication to public service by working as a contractor with the U.S. Intelligence Community in Washington, D.C.

15.    While pursuing a legal education after her divorce, Khandani navigated the challenges of raising her special needs son. Seeking spiritual guidance during this period of personal struggle, she explored Christianity and ultimately decided to convert, despite the potential risks associated with leaving Islam.

16.    Her conversion to Christianity followed a careful examination of the Bible and was made with full awareness of the severe repercussions she could face under Sharia law, including societal backlash and threats of death. Nonetheless, she openly embraced her new faith, demonstrating her commitment despite the potential consequences from her Muslim family and community.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

17.    In 2020, Khandani graduated from law school with honors, receiving a medal for her achievements. She went on to pursue advanced legal education, earning two Master of Laws (LL.M.) degrees.

18.    By mid-2022, as Khandani approached the completion of her second LL.M., she applied for a position as a Native Persian Farsi Linguist with Atlas Advisors, a contractor for the Department of State. She viewed this role as a crucial step toward achieving her ultimate goal of becoming a U.S. Foreign Service Officer.

19.    On July 14, 2022, Khandani submitted her application and, by July 26, received a contingent offer, contingent upon standard background checks and formal approval. Her application was managed by Atlas Advisors, which forwarded her materials to the Department of State for further consideration.

20.    As part of the application process, Atlas conducted a social media background check. On July 28, 2022, a flagged report identified a Facebook post that Khandani had shared from a page called "I Am an Ex-Muslim." The post criticized violence within Islam, referencing historical and doctrinal concerns. Khandani clarified that her critique was directed at the religion's practices, not individuals. Atlas assured her that the flagged content would not impact her candidacy and reiterated her status as one of their top candidates.

21.    In August 2022, Khandani was invited to participate in a "Meet and Greet" interview with Department of State officials. Before the interview, the Department conducted an independent review of her social media activity.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

22.    During this review, Defendant Nicole Bayer identified additional Facebook posts addressing LGBTQ+ issues and Islam, which Bayer labeled as "homophobic" and "Islamophobic." Bayer asserted that these posts demonstrated poor judgment and could harm the Department's reputation, especially since the team included LGBTQ+ and Muslim members. Khandani perceived Bayer's characterization and actions as directly targeting her Christian faith.

23.    Shortly after the review, Khandani was informed that she was no longer being considered for the linguist position. She sought clarification through Atlas but received no satisfactory response. She then formally filed an EEOC complaint in October 2023.

24.    According to the subsequent EEO investigation, Bayer admitted that her decision to reject Khandani was influenced by the flagged social media posts. Bayer further acknowledged that she had become aware of Khandani's Christian faith through her review of Khandani's Facebook page. Despite this admission, Bayer did not provide specific evidence to substantiate claims of impropriety in the content of Khandani's posts.

25.    Throughout her professional career, Khandani maintained relationships with individuals from diverse religious and social backgrounds, including Muslims and LGBTQ+ individuals, further contradicting claims of her being "homophobic" or "Islamophobic." Her longstanding record of public service, including her military

First Amended Verified Complaint                     3:24-cv-01723-GPC-BJC

and contracting work, demonstrated her professionalism and commitment to U.S. government objectives.

26.    Khandani's exclusion from the hiring process imposed a substantial burden on her free exercise of religion. By disqualifying her based on her public expressions of faith, the Department of State interfered with her ability to live out her Christian beliefs and subjected her to viewpoint-based discrimination under the guise of fostering diversity.

## FIRST CLAIM FOR RELIEF

### Violation of the Free Speech Clause of the First Amendment to the U.S. Constitution (Viewpoint Discrimination)

(Against all Defendants)

27.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

28.    Under the First Amendment to the United States Constitution, Plaintiff has the right to freedom of speech, including the right to express her religious views and opinions on social and political matters without fear of retaliation or censorship from government actors.

29.    Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was a federal official responsible for reviewing Plaintiff's application for a position on the DoS's Persian Online Engagement Team (POET).

First Amended Verified Complaint                    3:24-cv-01723-GPC-BJC

30.   At all relevant times, Defendant Bayer, as a federal official, was acting under the color of federal law in her capacity as an employee of the U.S. Department of State.

31.   Plaintiff, a Christian and vocal advocate of her religious beliefs, used her social media platforms to express viewpoints critical of Islam and supportive of her faith-based views on issues such as LGBTQ+ matters. These expressions were made outside of any employment context and as private speech on matters of public concern.

32.   Defendant Bayer testified that Plaintiff's social media posts, which included religious viewpoints critical of Islam and LGBTQ+ issues, were reviewed by the DoS during the hiring process and became a significant factor in the decision not to move forward with Plaintiff's candidacy.

33.   Defendant Bayer, despite her claim that religion was not a factor, effectively discriminated against Plaintiff based on the viewpoint she expressed in her social media posts, specifically her Christian beliefs and criticisms of Islam.

34.   Defendant Bayer's decision to disqualify Plaintiff from the position was directly motivated by her disagreement with Plaintiff's religious viewpoints, constituting viewpoint discrimination. This violates the Free Speech Clause of the First Amendment, which protects individuals from government retaliation based on their expressed opinions or beliefs.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

35.    The First Amendment prohibits the government, including federal officials such as Defendant Bayer, from engaging in viewpoint discrimination by penalizing or disqualifying individuals based on their expressed religious or political beliefs, especially when those beliefs are conveyed through constitutionally protected speech.

36.    Under the *Bivens* doctrine, individuals, including Plaintiff, may seek damages against federal officials who violate their constitutional rights. Defendant Bayer, acting under color of federal authority, violated Plaintiff's First Amendment rights by using her position as a federal official to retaliate against Plaintiff for her religious speech.

37.    Defendant Bayer's conduct was willful, deliberate, and in disregard of Plaintiff's clearly established First Amendment rights, and it was directly responsible for Plaintiff's disqualification from employment with the U.S. Department of State.

38.    As a direct and proximate result of Defendant Bayer's unlawful viewpoint discrimination, Plaintiff has suffered, and continues to suffer, substantial harm, including but not limited to the loss of employment opportunities, emotional distress, reputational damage, and other economic and non-economic damages.

First Amended Verified Complaint                    3:24-cv-01723-GPC-BJC

## SECOND CLAIM FOR RELIEF

### Violation of the Religious Freedom Restoration Act (RFRA),

### 42 U.S.C. § 2000bb et seq.

(Against all Defendants)

39.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

40.    The Religious Freedom Restoration Act (RFRA) provides that the federal government may not substantially burden a person's exercise of religion unless the government can demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest

41.    At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was responsible for overseeing the review of Plaintiff's application for a position on the DoS's Persian Online Engagement Team (POET).

42.    Plaintiff, a Christian convert from Islam, expressed her religious beliefs and exercised her religion by openly discussing her faith and related beliefs on social media. These religious expressions were central to her practice of Christianity.

43.    Defendant Bayer, while acting under color of federal law, reviewed Plaintiff's social media posts as part of the hiring process and disqualified her from consideration for the POET position based on the religious content of those posts.

11

The disqualification was motivated by Plaintiff's criticisms of Islam and other expressions of her Christian faith.

44.    Defendant Bayer's actions substantially burdened Plaintiff's exercise of her religion by penalizing her for expressing her faith-based beliefs and denying her the opportunity for employment based on those beliefs

45.    RFRA prohibits the federal government from imposing a substantial burden on an individual's religious exercise unless it meets strict scrutiny. Defendant Bayer's actions placed a significant burden on Plaintiff's ability to freely practice her religion by punishing her for her religious speech and viewpoints.

46.    Defendant Bayer cannot demonstrate that the substantial burden placed on Plaintiff's religious exercise was in furtherance of a compelling governmental interest. Moreover, even if such an interest existed, disqualifying Plaintiff based on her religious beliefs and expression was not the least restrictive means of achieving that interest.

47.    Defendant Bayer's actions directly violated RFRA by discriminating against Plaintiff's religious practice and substantially burdening her ability to express and live according to her faith.

48.    As a direct and proximate result of Defendant Bayer's violation of RFRA, Plaintiff has suffered, and continues to suffer, significant harm, including the loss of employment opportunities, emotional and psychological distress, reputational harm, and other economic and non-economic damages.

12

## THIRD CLAIM FOR RELIEF

### Violation of the Free Exercise Clause of the First Amendment to the U.S. Constitution (*Bivens*)

(Against All Defendants)

49.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

50.    Under the First Amendment to the United States Constitution, Plaintiff has the right to freely exercise her religion, including the right to express and practice her Christian faith without fear of retaliation, discrimination, or punishment by the government.

51.    Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was responsible for overseeing the review of Plaintiff's application for a position on the DoS's Persian Online Engagement Team (POET).

52.    At all relevant times, Defendant Bayer, as a federal official, was acting under the color of federal law in her capacity as an employee of the U.S. Department of State.

53.    Plaintiff, as a devout Christian, openly expressed her religious beliefs through social media, including viewpoints critical of Islam and statements grounded in her faith-based opposition to certain social and religious practices. These

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

expressions were made in her personal capacity and were integral to the exercise of her Christian faith.

54.    Defendant Bayer testified that Plaintiff's social media posts, which reflected her Christian beliefs and criticisms of Islam, were reviewed during the hiring process and played a central role in the decision to disqualify Plaintiff from the position.

55.    Defendant Bayer's actions in disqualifying Plaintiff based on the religious content of her social media posts unlawfully burdened Plaintiff's free exercise of religion. By penalizing Plaintiff for expressing her sincerely held religious beliefs, Defendant Bayer interfered with Plaintiff's right to practice and express her religion without government interference.

56.    The Free Exercise Clause of the First Amendment prohibits the government, including federal officials such as Defendant Bayer, from taking adverse actions against individuals based on their religious beliefs or practices, or punishing them for expressing their faith.

57.    Defendant Bayer's decision to reject Plaintiff's candidacy was not neutral with respect to religion. The decision was directly motivated by Defendant Bayer's disapproval of Plaintiff's Christian beliefs, particularly her opposition to Islam and her religious stance on LGBTQ+ issues. This constitutes unlawful discrimination based on religion, as it targeted Plaintiff's religious expression and punished her for exercising her faith.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

58.    Under *Bivens*, Plaintiff has the right to seek damages from federal officials who violate her constitutional rights. Defendant Bayer, acting under the color of federal authority, violated Plaintiff's rights under the Free Exercise Clause by using her position to retaliate against Plaintiff for her religious beliefs and disqualifying her from a government position due to those beliefs.

59.    Defendant Bayer's conduct was intentional, deliberate, and in disregard of Plaintiff's clearly established rights under the Free Exercise Clause, and it caused Plaintiff to be unfairly disqualified from consideration for employment with the U.S. Department of State.

60.    As a direct and proximate result of Defendant Bayer's violation of the Free Exercise Clause, Plaintiff has suffered, and continues to suffer, significant harm, including the loss of employment opportunities, emotional and psychological distress, and other economic and non-economic damages.

### FOURTH CLAIM FOR RELIEF

**Violation of the Establishment Clause of the First Amendment to the U.S. Constitution (Hostility Toward Religion)**

(Against all Defendants)

61.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

62.    The Establishment Clause of the First Amendment to the United States Constitution prohibits the government from showing hostility toward religion or

**First Amended Verified Complaint**                                    3:24-cv-01723-GPC-BJC

taking actions that favor non-religion over religion. It requires the government to remain neutral with respect to religion and religious beliefs, neither endorsing nor disfavoring any particular faith.

63.     At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was a federal official responsible for overseeing the hiring process for the Persian Online Engagement Team (POET), where Plaintiff had applied.

64.     Plaintiff, a Christian convert from Islam, expressed her religious beliefs openly, including through social media posts that reflected her faith and contained criticism of certain aspects of Islam. These posts were part of Plaintiff's free expression of her sincerely held religious beliefs.

65.     Defendant Bayer, while reviewing Plaintiff's application and social media presence, became aware of Plaintiff's Christian faith and the religious viewpoints she expressed. Despite admitting that she was not religious herself, Defendant Bayer relied on the religious content of Plaintiff's posts, particularly her criticism of Islam, as the basis to disqualify Plaintiff from consideration for the POET position.

66.     Defendant Bayer's actions reflect hostility toward Plaintiff's religious beliefs, in violation of the Establishment Clause. By penalizing Plaintiff for expressing her Christian faith and using her authority to disqualify Plaintiff from a

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

government position based on her religious views, Defendant Bayer acted in a manner that was not neutral but hostile toward religion.

67.    The U.S. Supreme Court has established that the government violates the Establishment Clause when it exhibits hostility toward religion. In *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018), the Court held that government actions must be neutral toward religion and cannot reflect "clear and impermissible hostility toward the sincere religious beliefs" of individuals. In that case, the Court found that hostility toward religion is a violation of the Establishment Clause, as the government cannot act with animus or disfavor toward religious viewpoints.

68.    Defendant Bayer's actions in rejecting Plaintiff's candidacy due to her religious views were based on clear hostility toward Plaintiff's Christian faith. Bayer's disqualification of Plaintiff for her religious speech was not neutral but was motivated by animus toward the content of Plaintiff's religious beliefs and her criticism of Islam.

69.    The Establishment Clause mandates that the government must avoid both endorsing and disfavoring religious expression. By disqualifying Plaintiff due to her religious speech, Defendant Bayer effectively punished Plaintiff for her faith, thereby favoring non-religion and views critical of religion over religious expression, in violation of the Establishment Clause.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

70.     Under the *Bivens* doctrine, Plaintiff is entitled to seek damages from federal officials who violate her constitutional rights. Defendant Bayer, acting under color of federal authority, violated Plaintiff's rights under the Establishment Clause by demonstrating hostility toward her religious beliefs and retaliating against Plaintiff for her religious expression.

71.     Defendant Bayer's conduct was intentional, deliberate, and in blatant disregard of Plaintiff's clearly established rights under the Establishment Clause, directly resulting in Plaintiff's disqualification from employment with the U.S. Department of State.

72.     As a direct and proximate result of Defendant Bayer's violation of the Establishment Clause, Plaintiff has suffered, and continues to suffer, significant harm, including the loss of employment opportunities, emotional and psychological distress, and other economic and non-economic damages.

### FIFTH CLAIM FOR RELIEF

**Violation of the First Amendment Right to Freedom of Association**

(Against all Defendants)

73.     Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

74.     The First Amendment to the U.S. Constitution guarantees the right to freedom of association, including the right to associate with religious groups and express one's religious identity without fear of retaliation or government interference.

18

75.    At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was a federal official responsible for overseeing Plaintiff's application for the POET position.

76.    Plaintiff, a Christian convert from Islam, openly expressed her religious beliefs and associated herself with Christian communities and ideologies through social media.

77.    Defendant Bayer, acting under color of federal law, penalized Plaintiff for her religious association by disqualifying her from consideration for the POET position based on her religious beliefs and her association with Christianity.

78.    Defendant Bayer's actions violated Plaintiff's right to freely associate with her chosen religious group, discriminating against her because of her affiliation with Christianity and penalizing her for expressing her religious identity.

79.    Under the Bivens doctrine, Plaintiff is entitled to seek damages from federal officials who violate her constitutional rights. Defendant Bayer's actions constituted unlawful interference with Plaintiff's right to freely associate with her religious community in violation of the First Amendment.

80.    As a direct and proximate result of Defendant Bayer's violation of Plaintiff's freedom of association, Plaintiff has suffered significant harm, including economic loss, emotional distress, and reputational damage.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

# SIXTH CLAIM FOR RELIEF

## Violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution

### (Against all Defendants)

81.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

82.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. This includes the right to fair procedures when a government actor takes actions that affect an individual's rights or interests.

83.    At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was a federal official responsible for overseeing the review of Plaintiff's application for a position on the DoS's Persian Online Engagement Team (POET)

84.    Plaintiff applied for the POET position with a legitimate expectation that she would be fairly considered for employment based on her qualifications and merits, without arbitrary or unfair interference by government officials.

85.    During the hiring process, Plaintiff's application was subjected to a social media review by Defendant Bayer. Bayer disqualified Plaintiff based on her religious expression on social media, which was critical of Islam and aligned with her Christian beliefs. No specific evidence, screenshots, or details were provided to

**First Amended Verified Complaint**                                    3:24-cv-01723-GPC-BJC

substantiate the accusations made against Plaintiff, depriving her of any meaningful opportunity to defend herself or respond to the claims.

86.    The Due Process Clause protects individuals from arbitrary and capricious actions by government officials that deprive them of important liberty or property interests. The right to be fairly considered for government employment, free from arbitrary or discriminatory decision-making, is a protected interest under the Due Process Clause.

87.    Defendant Bayer's actions in disqualifying Plaintiff without providing clear reasons, specific evidence, or an opportunity for Plaintiff to rebut the accusations violated Plaintiff's right to due process. The lack of transparency and explanation in the decision-making process amounted to arbitrary and unfair treatment.

88.    Additionally, Defendant Bayer's decision to disqualify Plaintiff based on her religious expression, without providing an opportunity for Plaintiff to be heard or to contest the alleged issues with her social media posts, further violated the procedural protections guaranteed under the Due Process Clause.

89.    Under the *Bivens* doctrine, Plaintiff has the right to seek damages from federal officials who violate her constitutional rights. Defendant Bayer, acting under color of federal authority, violated Plaintiff's rights under the Due Process Clause by arbitrarily disqualifying her from consideration for a government position without fair process or adequate justification.

21

90.    Defendant Bayer's conduct was intentional, arbitrary, and in disregard of Plaintiff's clearly established right to due process under the Fourteenth Amendment. Her actions resulted in Plaintiff being disqualified from employment consideration with the U.S. Department of State without a fair and transparent process.

91.    As a direct and proximate result of Defendant Bayer's violation of Plaintiff's due process rights, Plaintiff has suffered, and continues to suffer, significant harm, including the loss of employment opportunities, emotional distress, reputational damage, and other economic and non-economic damages.

## SEVENTH CLAIM FOR RELIEF

### Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

(Against all Defendants)

92.    Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

93.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees that no person shall be denied equal protection of the laws. This means the government, including federal officials, may not discriminate against individuals based on religion, viewpoint, or any other protected class or characteristic.

First Amended Verified Complaint                    3:24-cv-01723-GPC-BJC

94.     At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), was a federal official responsible for overseeing the hiring process for the DoS's Persian Online Engagement Team (POET)

95.     Plaintiff, a Christian convert from Islam, applied for the POET position and was qualified for the role, meeting the necessary criteria for language and cultural expertise. However, Plaintiff was subjected to discriminatory treatment during the hiring process based on her religious beliefs and the viewpoints she expressed on social media.

96.     Defendant Bayer reviewed Plaintiff's social media posts, which included religious content expressing Plaintiff's Christian faith and criticism of Islam. Despite Plaintiff's strong qualifications, Defendant Bayer disqualified her from the hiring process based on these religious views.

97.     The Equal Protection Clause prohibits government officials from treating individuals differently based on religion or religious viewpoint. In disqualifying Plaintiff because of her Christian beliefs and her religious criticism of Islam, Defendant Bayer treated Plaintiff differently from similarly situated applicants who did not express religious views, or who held views more aligned with those of Defendant Bayer.

98.     Additionally, Defendant Bayer's disparate treatment of Plaintiff is evident in her decision to allow less qualified candidates, such as Sheva

23

Tabatabainejad, who lacked the same native Iranian background as Plaintiff, to be considered for the position. This unequal treatment further demonstrates religious and viewpoint-based discrimination in violation of the Equal Protection Clause.

99.   Defendant Bayer's disqualification of Plaintiff based on her religious expression, without any legitimate, non-discriminatory reason, constitutes a violation of Plaintiff's right to equal protection under the law. This discriminatory action denied Plaintiff the opportunity to be considered fairly for employment with the U.S. Department of State.

100.   Under the *Bivens* doctrine, Plaintiff has the right to seek damages from federal officials who violate her constitutional rights. Defendant Bayer, acting under color of federal authority, violated Plaintiff's rights under the Equal Protection Clause by discriminating against her based on her religion and viewpoints, treating her differently from other candidates who did not express similar religious views.

101.   Defendant Bayer's conduct was intentional, willful, and in blatant disregard of Plaintiff's clearly established right to equal protection under the Fourteenth Amendment, resulting in Plaintiff's disqualification from employment with DoS solely based on her religious beliefs and viewpoints.

102.   As a direct and proximate result of Defendant Bayer's violation of Plaintiff's rights under the Equal Protection Clause, Plaintiff has suffered, and continues to suffer, significant harm, including the loss of employment opportunities,

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

emotional and psychological distress, and other economic and non-economic damages.

## EIGHTH CLAIM FOR RELIEF

### Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

(Against all Defendants)

103.   Plaintiff realleges and incorporates by reference all paragraphs of this complaint as if fully set forth herein.

104.   42 U.S.C. § 1985 prohibits two or more persons from conspiring to interfere with an individual's civil rights, including by depriving them of equal protection under the law, particularly when based on religious discrimination.

105.   At all relevant times, Defendant Nicole Bayer, acting in her official capacity as Government Technical Monitor (GTM) for the U.S. Department of State (DoS), and other individuals in the hiring process, including Luci Cheng and Sheva Tabatabainejad, conspired to deprive Plaintiff of her rights to free speech, free exercise of religion, and equal protection by disqualifying her based on her religious beliefs.

106. Defendant Bayer and others involved in the hiring process communicated and collaborated in deciding to disqualify Plaintiff from the POET position, specifically targeting her for expressing her Christian beliefs and religious criticism of Islam.

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

107.    The coordinated actions of Defendant Bayer and others to deny Plaintiff an opportunity for employment, despite her qualifications, were motivated by a shared animus against Plaintiff's religious views and amounted to a conspiracy to violate Plaintiff's civil rights.

108.    As a result of this conspiracy, Plaintiff was unlawfully denied the opportunity to be fairly considered for employment, resulting in economic harm, emotional distress, and reputational damage.

109.    Under 42 U.S.C. § 1985, Plaintiff is entitled to relief for the harm caused by the conspiracy among Defendant Bayer and others to deprive her of her constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

1.    For a declaration that defendants, and each of them, violated Plaintiff's rights under the Free Exercise Clause of the First Amendment to the U.S. Constitution;

2.    A declaration that defendants, and each of them, violated Plaintiff's rights under the Establishment Clause of the First Amendment to the U.S. Constitution;

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

3.    For a declaration that defendants, and each of them, violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

4.    For a declaration that defendants, and each of them, violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

5.    For a declaration that defendants, and each of them, in disqualifying Plaintiff from employment based on her religious beliefs and expressions, violated Plaintiff's rights under the Religious Freedom Restoration Act.

6.    For a declaration that defendants, and each of them, violated Plaintiff's right to freedom of association under the First Amendment;

7.    For a declaration that defendants, and each of them, conspired to interfere with Plaintiff's civil rights in violation of 42 U.S.C. § 1985;

8.    For compensatory damages for the loss of employment opportunities, emotional distress, and other damages caused by defendants' unconstitutional conduct;

9.    For compensatory damages for the loss of employment opportunities, emotional distress, and other damages caused by defendants' discriminatory actions;

**First Amended Verified Complaint**                3:24-cv-01723-GPC-BJC

10.    For compensatory damages for the loss of employment opportunities, emotional distress, and other damages caused by defendants' violation of RFRA;

11.    For compensatory damages for the loss of employment opportunities, emotional distress, and other damages caused by defendants' retaliatory conduct;

12.    For nominal damages for the past loss of Plaintiff's constitutional rights as set forth in this Complaint against defendants pursuant to the First and Fourteenth Amendments to the United States Constitution;

13.    For punitive damages in an amount to be determined at trial to punish defendants, and each of them, for their willful and egregious violation of Plaintiff's constitutional rights;

14.    For punitive damages in an amount to be determined at trial to punish defendants, and each of them, for violating Plaintiff's rights under RFRA;

15.    For punitive damages in an amount to be determined at trial to punish defendants, and each of them, for retaliating against Plaintiff;

16.    For punitive damages in an amount to be determined at trial to punish defendants, and each of them, for violating Plaintiff's rights;

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

17.    For an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 2000bb-1(c), and other applicable law; and

18.    Such other and further relief as the Court deems appropriate and just.

Date: December 10 2024       FREEDOM X

                     By:   /s/ William J. Becker, Jr.
                          William J. Becker, Jr., Esq.

**First Amended Verified Complaint**          3:24-cv-01723-GPC-BJC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Hoori Khandani demands trial by jury on all individual claims they bring against Defendants in this action of all issues so triable.

DATE: September 26, 2024                    FREEDOM X

                                            /s/ William J. Becker, Jr.
                                            Attorneys for Plaintiffs

## <u>VERIFICATION ON FOLLOWING PAGE</u>

**First Amended Verified Complaint**                    3:24-cv-01723-GPC-BJC

# VERIFICATION

I, Hoori Khandani, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Date: September 26, 2024

_____
Hoori Khandani

**First Amended Verified Complaint**                     3:24-cv-01723-GPC-BJC